## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| MICHAEL MEJIA,<br>    Plaintiff, | ) <br> ) <br> ) |
| v. | ) Case No. 1:24-cv-1499-SEM-EIL |
| | ) |
| LATOYA HUGHES, et al.,<br>    Defendants. | ) <br> ) <br> ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Michael Mejia has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, followed by a Motion for Leave to File Amended Complaint (Doc. 8).  Plaintiff's Motion (Doc. 8) is GRANTED, pursuant to Federal Rule of Civil Procedure 15(a)(1), and the Amended Complaint is now before the Court for screening. Plaintiff has also filed a Motion to Request Counsel (Doc. 3).

For the following reasons, the Court holds that Plaintiff may proceed on a retaliation claim against Defendants Johnson and Doe, but that his request for counsel must be denied at this time.

### I. COMPLAINT

**A. Screening Standard**

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*  In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

Plaintiff is an inmate within the Illinois Department of Corrections ("IDOC").  Plaintiff's Complaint names as Defendants Internal Affairs ("I/A") Lieutenant B. Johnson of Illinois River Correctional Center ("Illinois River"), John/Jane Doe IDOC Transfer Coordinator, and IDOC Acting Director LaToya Hughes.

Plaintiff alleges that, in April 2023, he complained to the Illinois River Warden and the Education Facility Administrator that

no inmate law clerks of Latin American background had been hired at Illinois River.  In May 2023, Plaintiff filed a complaint regarding this same issue with the Governor's Office.

On May 31, 2023, Plaintiff was told to meet with Defendant Johnson, who confirmed that Plaintiff had filed a complaint with the Governor's Office about racial discrimination and questioned Plaintiff about that complaint.  Following questioning, Defendant Johnson allegedly told Plaintiff: "We'll see how you like this racist maximum security, disciplinary joint we're sending you to, since you like filing complaints to the governor."  Approximately one hour later, Plaintiff was notified that he was being transferred to Western Illinois Correctional Center ("Western").

Plaintiff was transferred to Western on June 1, 2023.  He alleges this transfer—which was facilitated by the IDOC Transfer Coordinator and, presumptively, approved by the IDOC Director— was in violation of IDOC policies because he had a medical hold and because he had been classified as minimum security since 2021.

Plaintiff alleges that the conditions at Western were far worse than the conditions at Illinois River due to: increased distance from his family, greater use of force by staff, smaller cells and less time

outside of his cell, more dangerous cellmates, and unclean housing conditions, *inter alia.*

Plaintiff was also denied an educational transfer in August 2024.

### C. Analysis

To state a claim of First Amendment retaliation, a plaintiff must allege that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

In Plaintiff's Amended Complaint, he alleges that he engaged in activity protected by the First Amendment when he filed written complaints with Illinois River officials and the Governor's Office regarding alleged racial discrimination. Plaintiff also alleges that the transfer from Illinois River to Western resulted in worse living conditions, which would allegedly deter First Amendment activity. Finally, Plaintiff has adequately alleged that his complaints were at least a motivating factor in the decision to transfer him to Western.

Plaintiff was questioned about his complaints the day before he was
transferred, and he alleges that Defendant Johnson explicitly
referenced his complaint to the Governor's Office as a basis for his
transfer.

Therefore, Plaintiff may proceed on a First Amendment
retaliation claim against Defendants Johnson and Doe Transfer
Coordinator for his June 2023 transfer from Illinois River to
Western.

However, Plaintiff may not pursue a retaliation claim based
upon the alleged denial of an educational transfer in August 2024.
Plaintiff's Complaint does not contain any allegations from which
the Court could plausibly conclude that the denial of a transfer over
one year after he filed his complaint with the Governor's Office was
motivated by that protected activity.  *See, e.g., Lalvani v. Cook
County*, 269 F.3d 785, 790 (7th Cir. 2001) (For allegations of
suspicious timing to give rise to an inference of causation, a
plaintiff must demonstrate that the retaliatory action "follows close
on the heels of protected expression . . . [and] that the person who
decided to impose the adverse action knew of the protected
conduct."); *see also Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th

Cir. 2012) (Seventh Circuit "typically allow[s] no more than a few days to elapse between the protected activity and the adverse action" if relying on timing alone) (collecting cases)).  Nor has Plaintiff alleged that he engaged in some new protected activity, after arriving at Western, that motivated the Doe Defendant to deny his educational transfer.

Finally, Plaintiff may not proceed on a retaliation claim against Defendant Hughes.  Plaintiff names Defendant Hughes simply because he *believes* that, as IDOC Acting Director, she was required to "sign off" or approve all transfers.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."  *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).  Therefore, to hold Defendants liable under § 1983, Plaintiff must allege that "the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016); *see also Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983).  Plaintiff has not done so as it relates to

Defendant Hughes.  However, Defendant Hughes will remain as a

Defendant in her official capacity only, for the purpose of

participating in discovery to identify the relevant Doe Defendant

(IDOC Transfer Coordinator).

## II. REQUEST FOR COUNSEL

The Court next turns to Plaintiff's Motion to Request Counsel

(Doc. 3).

A pro se litigant has no right to counsel in a civil case.  *Olson*

*v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).  However, the federal

statute authorizing in forma pauperis status provides a court "may

request an attorney to represent any person unable to afford

counsel."  See 28 U.S.C. 1915(e)(1).  A court does not have the

authority to require an attorney to accept pro bono appointments in

civil cases.  *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

When considering a request for counsel by a pro se litigant the

Court undertakes a two-part inquiry: (1) whether the plaintiff made

a reasonable attempt to obtain counsel or has been effectively

precluded from doing so, and, if so, (2) given the difficulty of the

case, does the plaintiff appear competent to litigate it himself.  *Pruitt*

*v. Mote,* 503 F.3d 647, 655 (7th Cir 2007).

As to the first inquiry, plaintiffs normally make this showing by filing copies of letters sent to several attorneys seeking assistance, along with copies of the responses they received from the attorneys they contacted.  In his Motion, Plaintiff lists at least seven law firms that he has contacted, and he attaches as exhibits their responses declining to represent him.  The Court finds that Plaintiff has satisfied this first, threshold requirement.

Turning to the second requirement, the Court must consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  *Pruitt*, 503 F.3d at 655. This inquiry must be a "practical one, made in light of whatever relevant evidence is available on the question."  *Id.*  The court should take account of all evidence in the record relevant to the plaintiff's ability to litigate.  *Navejar*, 728 F.3d at 696.  Such evidence may include any physical, intellectual, or psychological limitations the plaintiff may have and the practical problems the plaintiff may encounter in gathering evidence from individuals employed by an institution where he is no longer housed.  *Navejar*, 718 F.3d at 698.

Plaintiff's Motion does not include information about his educational background or any physical, intellectual, or psychological limitations.  The Court finds that Plaintiff was able to communicate the alleged facts contained in his Amended Complaint in a clear, organized manner.

Plaintiff does contend that the nature of this case, including the involvement of I/A and his need to identify the Doe Defendant, requires the appointment of counsel.[1]  Plaintiff maintains that IDOC will deny him access to relevant documents and names if he is proceeding *pro se.*

The Court will enter a Scheduling Order that should assist the parties in understanding their relevant discovery obligations, including discovery to identify the Doe Defendant.  The parties may also request entry of a protective order if sensitive information must be exchanged or reviewed during discovery.  The Scheduling Order

---

[1] Plaintiff also alleges in his Motion for Appointment of Counsel that he is pursuing a conditions of confinement claim.  But while his Amended Complaint contains certain allegations of worse living conditions at Western, he did not name any Defendants who are employed at Western or to whom he alleges he complained about those conditions.  In short, Plaintiff is not proceeding on a conditions of confinement claim at this time, nor would appointment of counsel otherwise be warranted on that basis.

will likewise outline for Plaintiff the manner in which he may file a

motion to compel discovery, if Defendants are objecting to his

discovery requests on security or other bases.

Recruiting pro bono counsel in this District is difficult, as the

need far exceeds the supply. *McCaa v. Hamilton*, 959 F.3d 842, 845

(7th Cir. 2020) ("District courts are thus inevitably in the business

of rationing a limited supply of free lawyer time."). Although

"[a]lmost everyone would benefit from having a lawyer, [] there are

too many indigent litigants and too few lawyers willing and able to

volunteer for these cases." *Dewitt v. Corizon, Inc.*, 760 F.3d 654,

657 (7th Cir. 2014) (internal quotation omitted); *Mejia v. Pfister*,

2021 WL 647085, * 4 (7th Cir. Feb. 19, 2021) ("For its part, the

district court found itself having to [choose] how best to allocate

scarce resources, for it remains the sad reality that there are too

many indigent litigants and too few lawyers willing and able to

volunteer for these cases.") (internal quotation omitted).

Assistance in recruiting counsel is appropriate only where the

plaintiff shows his case is one of those few in which it appears from

the record the legal and factual difficulty exceeds his ability to

prosecute.  *Pruitt*, 503 F.3d at 654-55.  This question is different from whether a lawyer might do a better job.  *Id.*

Upon a full review of the record before it at this time, the Court finds Plaintiff is able to represent himself at this stage of the case.  Plaintiff's Motion (Doc. 3) is DENIED without prejudice. Plaintiff may renew the request should his circumstances change, at a later stage of litigation.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File amended Complaint [8] is GRANTED. According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a First Amendment retaliation claim against Defendants Johnson and Doe. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.  Defendant Hughes remains in her official capacity only, for the purpose of identifying the Doe Defendant (IDOC Transfer Coordinator).**

2) **Plaintiff's Motion to Request Counsel [3] is DENIED without prejudice.**

3) **Plaintiff's Motion Requesting Status of Case [10] is MOOT.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff**

need not submit evidence to the Court unless otherwise directed by the Court.

5)   The Court will attempt service on Defendants by mailing waivers of service. Defendants have sixty days from service to file an Answer. If a Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6)   Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)   Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth a Defendants' positions. The Court does not rule on the merits of those positions unless and until a Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.

8)   This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and

responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel have filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)  Defendants' counsel is granted leave to depose Plaintiff. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require the Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED May 13, 2025.

s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE